UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-24490-CMA

JOSE EDGARDO RODRIGUEZ AVILA,
CARLOS FLORES REYES,
CARLOS ONAN RODRIGUEZ AVILA,
JOSE FRANCISCO PAVON,
and all others similarly situated under
29 U.S.C. § 216 (b),

    Plaintiff(s),

vs.

SAHARA PAINTING INC. and JOSE
M. IGLESIAS,

    Defendant(s).
_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants, SAHARA PAINTING INC. ("Sahara") and JOSE M. IGLESIAS ("Mr. Iglesias"), (collectively, "Defendants"), by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

1. Defendants admit that this action arises out of the Fair Labor Standards Act ("FLSA"). Defendants deny any and all liability and therefore deny that Plaintiffs are entitled to any recovery on behalf themselves or any other similarly situated individual.

2. Defendants admit that this Court, the United States District Court for the Southern District of Florida, has jurisdiction over this claim. Defendants deny all other allegations in Paragraph No. 2.

1 | P a g e

**PERERA ALEMÁN**
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
12555 Orange Drive · Second Floor · Davie, FL 33330
(786) 485.5232 · www.PBA-Law.com

3. Defendants deny that this case involves damages more than $30,000.00, or any damages for that matter. Defendants deny all other allegations in Paragraph No. 3.

4. Defendants are without knowledge as to Plaintiff's residence. Defendants deny all other allegations in Paragraph No. 4.

5. Defendants are without knowledge as to Plaintiff's residence. Defendants deny all other allegations in Paragraph No. 5.

6. Defendants are without knowledge as to Plaintiff's residence. Defendants deny all other allegations in Paragraph No. 6.

7. Defendants are without knowledge as to Plaintiff's residence. Defendants deny all other allegations in Paragraph No. 7.

8. Defendant, Sahara, admits only that it conducts business within Miami-Dade County. Defendants deny all other allegations in Paragraph No. 8.

9. Defendant, Jose M. Iglesias, admits only that he is a corporate officer and owner of Sahara. Defendants deny all other allegations in Paragraph No. 9.

10. Defendants admit only that Plaintiffs purport to bring a claim for unpaid overtime compensation. Defendants deny that Plaintiffs are entitled to any relief or any entitlement to bring a claim on behalf of any other individuals. All other allegations are denied.

## **COUNT I – FEDERAL OVERTIME WAGE VIOLATION**

11. Defendants admit that Plaintiffs purport to bring a claim for unpaid overtime compensation. Defendants deny that Plaintiffs are entitled to any relief or any entitlement to bring a claim on behalf of any other individuals. All other allegations are denied.

**PERERA ALEMÁN**
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
12555 Orange Drive · Second Floor · Davie, FL 33330
(786) 485.5232 · www.PBA-Law.com

12. Defendants admit that this Court, the United States District Court for the Southern District of Florida, has jurisdiction over this claim. Defendants deny all other allegations in Paragraph No. 12.

13. Defendants admit that 29 U.S.C. § 107 (a) (1) speaks for itself. All other allegations are denied.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

The Defendants deny the allegations asserted in the Wherefore clause contained in Plaintiff's Amended Complaint.

Defendants admit that Plaintiffs request a jury trial.

**PERERA ALEMÁN**
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
12555 Orange Drive · Second Floor · Davie, FL 33330
(786) 485.5232 · www.PBA-Law.com

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof on Plaintiffs' causes of action, Defendants state the following defenses, but does not assume the burden of proof of such defenses except as required by law with respect to the defense asserted:

1. Plaintiffs were independent contractors and, as such, were not employed by the Defendants. They are not covered by the FLSA.

2. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, the period of time alluded to in the Complaint, or the period of time alleged later in the action predates the limitations period set forth in Section 6(a) of the Portal-to- Portal Act, 29 U.S.C. § 259, such claims of Plaintiffs are barred.

3. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were taken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

4. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

**PERERA ALEMÁN**
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
12555 Orange Drive · Second Floor · Davie, FL 33330
(786) 485.5232 · www.PBA-Law.com

5. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, the alleged damages of Plaintiffs were not proximately caused by any unlawful action, policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendants and any such damages, if any, were caused by the practices or instrumentalities of parties and/or unauthorized individuals other than Defendants who were not within the exclusive control of Defendants.

6. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, Plaintiffs' claims are barred, in whole or in part, to the extent that some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable (including, but not limited to, preliminary and/or postliminary work claims).

7. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have been fully compensated for all hours worked.

8. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, if Plaintiffs file, or have filed, claims for bankruptcy and fail, or failed, to list a wage claim against Defendants as a potential asset in Plaintiffs' bankruptcy filings, respectively, Plaintiffs are barred from pursuing Plaintiffs' wage claims in this action for lack of standing and/or under the doctrines of judicial estoppel and/or unclean hands.

9. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, Defendants at all times acted in good faith to comply with the FLSA, and, therefore, Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages.

5 | P a g e

**PERERA ALEMÁN**
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
12555 Orange Drive · Second Floor · Davie, FL 33330
(786) 485.5232 · www.PBA-Law.com

10. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, Defendants assert that any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiffs for periods not compensable under the FLSA.

11. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, Defendants state that the Amended Complaint and the claims set forth therein are subject to the doctrines of set-off, offset, and/or recoupment on the part of Defendants, including offsets for compensation already paid to Plaintiffs for periods not compensable under the FLSA. See, e.g., 29 C.F.R. § 785.19.

12. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, Plaintiffs' claims may be barred, in whole or in part, by the applicable statutes of limitations.

13. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, even if Defendants engaged in the conduct alleged by Plaintiffs, allegations which Defendants deny, such actions or failure to act were not willful, and Defendant acted in good faith conformity with, and reliance on, a written administrative regulation, order, ruling, approval and/or interpretation of the United States Department of Labor or an administrative practice or enforcement policy of those agencies under, among other statutes, 29 U.S.C. § 259.

14. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, even assuming *arguendo*, Defendants undertook its challenged acts or omissions in good faith and in conformity with written administrative regulation, order, ruling, approval and/or interpretation from the Wage and Hour Division of the United States Department of Labor—for which the court may deny or reduce liquidated damages when the employer subjectively acted in good faith and had reasonable grounds to believe it was not violating the FLSA.

6 | P a g e

**PERERA ALEMÁN**
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
12555 Orange Drive · Second Floor · Davie, FL 33330
(786) 485.5232 · www.PBA-Law.com

15. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, Plaintiffs have failed to meet the necessary standard for an award of liquidated damages, if any, and are therefore not entitled to an award of liquidated damages as any violation of the FLSA was the result of a good faith belief that Plaintiffs were paid and/or offered all the money to which they are allegedly entitled.

16. To the extent that Plaintiffs can establish that they were employees covered by the FLSA, even if Plaintiffs establish allegations for liquidated damages, which is unlikely, Plaintiffs are not entitled to pre-judgement interest.

17. Plaintiffs are not adequate representative for the putative class because they are not similarly situated to other employees.

18. Defendants reserve the right to assert such additional defenses and affirmative defenses as may appear applicable during the course of litigation.

19. To the extent that the Court allows the propose collective action to proceed, Defendants specifically reserve the right to file and assert any and all additional affirmative defenses that may apply to additional opt-ins.

**[CERTIFICATE OF SERVICE TO FOLLOW]**

7 | P a g e

**PERERA ALEMÁN**
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
12555 Orange Drive · Second Floor · Davie, FL 33330
(786) 485.5232 · www.PBA-Law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2022, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using CM/ECF and that the foregoing document is being served this day on all counsel or parties of record via transmission of a Notice of Electronic Filing generated by CM/ECF.

By: */s/ Alexander T. Harne*
Bayardo Aleman, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
Alexander T. Harne, Esq.
Florida Bar No. 126932
harne@pba-law.com
**PERERA ALEMAN**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232

8 | P a g e
**PERERA ALEMÁN**
2030 S. Douglas Road · Suite 203 · Coral Gables, FL 33134
12555 Orange Drive · Second Floor · Davie, FL 33330
(786) 485.5232 · www.PBA-Law.com